IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL HOLCOMB,

                Petitioner,              Case No. 3:05 CV 803

-vs-

                                              <u>MEMORANDUM OPINION</u>

JULIUS WILSON,

                Respondent.

KATZ, J.

      Pending before this Court is the Report and Recommendation ("R & R") of Magistrate Judge Vernelis K. Armstrong filed December 23, 2005 (Doc. No. 11), as to which Petitioner, Daniel Holcomb, proceeding *pro se*, filed his objections on January 4, 2006. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings.

      In her findings, the Magistrate Judge reviewed the procedural history of this case, concluded that an evidentiary hearing before this Court is unnecessary and addressed the two grounds of relief through which Petitioner seeks issuance of a writ of habeas corpus: 1) the trial court denied him his rights guaranteed under the Sixth and Fourteenth Amendments by failing to advise him of the waiver of rights in the acceptance of a plea; and 2) the trial court failed to advise him of the maximum possible sentence that could be imposed prior to adopting his plea as an order of the court. The Magistrate Judge concluded that Petitioner's claims were filed after the expiration of the applicable statute of limitations and that this Court is precluded from reviewing

the merits of Petitioner's claims. Pursuant to 28 U.S.C. § 2244(d)(1), state prisoners have a one year period in which they may file a petition for habeas corpus. Petitioner was sentenced on January 21, 2000; his right to a direct appeal expired thirty(30) days thereafter; the state court refused his appeals through the Ohio Supreme Court; and Petitioner did not file his instant request for a Writ until March 25, 2005, more than four years after the expiration of the one year statute of limitation.

In reviewing the Petitioner's objections to the R & R and his assertion that he is entitled to equitable tolling the Court finds that Petitioner states no viable or cogent reasons to justify this Court's exercise of its equitable powers to grant him the right to proceed with this petition.

The findings and recommendations of the Magistrate are well taken and there are no legal points which would be arguable on their merits in an appeal of this case. Furthermore, the Court has determined <u>sua</u> <u>sponte</u> that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

It is therefore,

ORDERED, that the Report and Recommendation is adopted as the Order of this Court. Petitioner's Writ of Habeas Corpus is denied.

FURTHER ORDERED that under 28 U.S.C. §1915(a), an appeal of this case should not proceed *in forma pauperis* as it would not be taken in good faith.

FURTHER ORDERED that a motion for certificate of probable cause under 28 U.S.C. §2253 is hereby denied *sua sponte*.

                 S/ *David A. Katz*
                 DAVID A. KATZ
                 U. S. DISTRICT JUDGE