IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL HOLCOMB,

                Plaintiff,         Case No. 3:05 CV 803

  -vs-

                                            MEMORANDUM OPINION
JULIUS WILSON, Warden,              AND ORDER

                Defendant.

KATZ, J.

Petitioner Daniel Holcomb has moved this Court to review its March 7, 2006, opinion and order adopting the Report and Recommendation (R&R) of Magistrate Judge Vernelis K. Armstrong and denying the Petition for a Writ of Habeas Corpus. In its March 7, 2006 opinion the Court found that the petitioner did not have a right to appeal the underlying trial court sentence, which was based on a plea agreement. As such, the trial court was not required to inform him of a right to appeal because that right did not exist. There is no new evidence presented in Petitioner's motion that convinces the Court to grant relief from its original judgment. The petitioner's motion is hereby denied (Doc. 18).

**Background**

Daniel Holcomb signed a plea agreement on January, 19, 2000 in which he plead guilty to two counts of aggravated robbery and one count of aggravated burglary. The sentence was entered and journalized on January 21, 2000. Following the plea agreement, Petitioner was not informed by the court or his appointed attorney that he had a right of appeal from the sentence. Petitioner first discovered what he believed to be his right to appeal his sentence on August 1, 2002. On

August 28, 2002 Petitioner filed a "Motion for Delayed Appeal" which was denied by the Ninth District Court of Appeals on October 17, 2002. That decision was later appealed to the Supreme Court of Ohio and denied on February 19, 2003.  On October 30, 2002 Petitioner filed a "Motion for Reconsideration" of the appeals court's October 17, 2002 decision.  The "Motion for Reconsideration" was denied on November 14, 2002. Petitioner filed a second "Motion for Reconsideration" and a "Motion to Withdraw Guilty Plea" on November 22, 2002. On November 27, 2002, Petitioner filed a motion to appeal the court's October 17, 2002 ruling, which was denied on December 16, 2002. On December 2, 2002 Petitioner filed with the sentencing court a "Motion to Correct Void Sentencing Orders," which was denied on December 26, 2002. An appeal of that decision was filed on June 20, 2003 and was denied on June 23, 2003.

On December 31, 2002 Petitioner filed a third motion to reconsider, which was denied on January 18, 2003 with an order that the Clerk of Courts not file any further motions to reconsider. Petitioner filed an appeal of that decision with the Ohio Supreme Court on February 14, 2003, which was denied on April 23, 2003. On June 12, 2003 Petitioner filed a delayed appeal from the decision denying his Motion to Withdraw Guilty Plea, which was denied on July 23, 2003. On June 27, 2003 the petitioner filed a motion to correct unlawful sentence, which was denied on July 28, 2003. That decision was later appealed on August 8, 2003 and denied on December 31, 2003. On June 30, 2003 Petioner filed a motion for reconsideration requesting the sentencing court to reconsider denying his second motion to withdraw guilty plea, which was denied on July 11, 2003. A second appeal of that decision was denied on November 13, 2003.  On November 13, 2003, Petitioner filed a motion to vacate the decision denying his second motion to withdraw his guilty plea.  That motion was denied on December 4, 2003.

2

On January 8, 2004, Petitioner filed an appeal of the decision denying his motion to reconsider. The appeal was denied by the Ohio Supreme Court on March 24, 2004. Petitioner filed a delayed appeal from the judgment of conviction, which was denied on November 30, 2004. On November 26, 2005, Petitioner filed an appeal with the Ohio Supreme Court from the decision denying his motion for delayed appeal from judgment of conviction and sentence. This appeal was denied on March 16, 2005. Finally, on March 25, 2005 Petitioner filed a petition for writ of habeas corpus.

## Standard of Review

The Court interprets Petitioner's motion as one for reconsideration. Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir.1991); *Shivers v. Grubbs*, 747 F.Supp. 434 (S.D.Ohio 1990). The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v.. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr.N.D.Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr.N.D.Ohio 1992), aff'd, 152 B.R. 466 (N.D.Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*,

126 B.R. 535, 536 (Bankr.S.D.Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F.Supp. 482, 488-89 (N.D.Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F.Supp. 226 (N.D.Ohio 1967), aff'd, 404 F.2d 35 (6th Cir.1968).

### Discussion

As discussed in this Court's opinion adopting the Magistrate Judge's R&R, the petitioner filed his first appeal on August 28, 2002, which was over one year after the statute of limitations for direct appeal had expired. Memorandum Opinion, Doc. 18 at 16. Petitioner contends that he discovered the right to appeal on August 1, 2002, and because of the sentencing court's failure to inform him of any right to appeal, the statute of limitations should begin to run on August 1, 2002. This Court considers the preliminary issue of whether the petitioner was entitled to an appeal from his original sentence in the first instance. If he was not, then no right was violated when he was not informed of a right to appeal.

The Court finds that the petitioner has provided no facts that would necessitate granting relief from its original decision. This Court agrees with the reasoning of the 9th District Court of Appeals as to the petitioner's right to appeal. First, the Court observed the following:

> Appellant [Holcomb] has argued that the trial court's imposition of consecutive sentences is appealable pursuant to R.C. 2953.08(C) which provides:
>
>> [A] defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under [R.C. 2929.14(E)(3) or (4)] and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted.

4

> Initially, we note that R.C. 2953.08(C) does not confer a *right* to appeal a trial court's imposition of consecutive sentences on the grounds asserted by Appellant; rather, that statute allows a defendant to *seek leave* to appeal the imposition of such a sentence. In addition 2953.08(D) precludes appellate review of sentences under certain circumstances: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

*State v. Holcomb*, 2002 WL 31416000 (Ohio App. 8 Dist. 2002).

The court went on to determine that the sentence was "authorized by law" because the term, thirteen years, which was based on concurrent sentences of seven years for each aggravated robbery count and a consecutive six years for aggravated burglary, was within the permissible statutory range. Furthermore, the transcript of the sentencing hearing clearly showed that Petitioner's sentence was recommended jointly by the prosecution and the defense. *Id*. at \*2.

As such, this Court is in agreement that the circumstances surrounding the imposition of Petitioner's sentence comport with the standard set forth in 2953.08(D) precluding appellate review. The petitioner has presented no evidence that would suggest otherwise.

The petitioner cites *United States v. Smith*, 387 F.2d 268 (6th Cir. 1967) and *State v. Sims*, 272 N.E.2d 87, 91 (Ohio 1971) in support of his argument. These cases, however, are not xon point here. Both *Smith* and *Sims* deal with cases in which the defendant was convicted at trial as opposed to signing a plea agreement. In these cases there was a duty to inform the defendants as to their right to appeal the trial courts' decisions. In the instant case, the petitioner signed the plea agreement and as stated earlier, the agreement is subject to 2935.08(D) and is precluded from appellate review.

The defendant also cites *Wolfe v. Randall*, 267 F.Supp 2d 743 (S.D. Ohio 2003). In *Wolfe* the court found that under Section 2244(d)(1)(D) the one-year period for direct review may begin

5

for some petitioners upon the date of discovery of the factual predicate of claim if the petitioner has shown due diligence in discovering the facts. However, the exception to timely filing in 2244(d)(1)(D) only applies when the petitioner has a right to appeal. Petitioner in the instant case has no such right. Petitioner waived his right to appeal upon signing the plea agreement. Petitioner could have sought to withdraw his guilty plea, but that is accomplished through the filing of a motion to withdraw guilty plea and not an appeal upon direct review. Because there was no right to appeal the Court need not further address the tolling issue raised by Petitioner.

## Conclusion

For the foregoing reasons, and those discussed in this Court's previous memorandum of law and the Magistrate's Report and Recommendation, Petitioner's motion to reconsider (Doc. 18) is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE