IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL HOLCOMB,

                Plaintiff,          Case No. 3:05 CV 803

-vs-

JULIUS WILSON,                         MEMORANDUM   OPINION
                                                AND   ORDER

                Defendant.

KATZ, J.

This cause is before the Court on Petitioner's motion for reconsideration. (Doc. No. 20)

**MOTION FOR RECONSIDERATION**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion*

*Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

Petitioner does not argue that there has been an intervening change in the law which provided the rule of decision in this case. Nor does he suggest that evidence has newly become available to him which would require a different result. Rather, the arguments he gives in his motion for reconsideration amount to little more than a disagreement with the Court's decision, and advise the Court that it should – based on the same law, cases and arguments previously cited and some newly cited cases not relevant – change its mind. A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. Petitioner's has already had an opportunity before this Court, and to request appellate review to make his unavailing arguments. *See Todd Shipyards v. Auto Transp.*, 763 F.2d 745, 750 (5th Cir. 1985). As one Court has stated, mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration:

> As the above standards indicate, . . . these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. [. . . ] This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the standards described above have been met (i.e., to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties['] energies can be better served by pursing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling.

*Meekison v. Ohio Dep't of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Jefferson v. Security Pac. Fin. Servs, Inc*., 162 F.R.D. 123, 125 (N.D. Ill. 1995)), *order rev'd on other grounds* 67 Fed. Appx. 900 (6th Cir. 2003). This Court's opinion, relying on the reasoning of the state appeals court, issued June 24, 2008, lays out an adequate and sufficient explanation as to why Petitioner's argument is not entitled to further reconsideration.

Therefore, Petitioner's motion for reconsideration (Doc. No. 20) is denied.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE